UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT PAUL TAYLOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1972** |
| **NEW ORLEANS POLICE DEPARTMENT - SEVENTH DISTRICT TASK FORCE, ET AL.** | **SECTION: "C"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Robert Paul Taylor, a state prisoner, filed this *pro se* and *in forma pauperis* complaint against the New Orleans Police Department - Seventh District Task Force, Sergeant Michael A. Stalbert, Leslie Guzman, Patrice Swan, Detective T. Perez, and other unidentified individuals. Plaintiff filed this action pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. In this lawsuit, plaintiff claims that excessive force was used to effect his arrest.

### I.  Defendant's "Motion to Dismiss"

The New Orleans Police Department - Seventh District Task Force has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Plaintiff has opposed that motion.[2]

---

[1]  Rec. Doc. 18.

[2]  Rec. Doc. 23.

It is clear that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted).  Accordingly, Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted.  In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted).  Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted).

In its motion, the New Orleans Police Department - Seventh District Task Force argues that the claim against it must be dismissed because it is not a legal entity capable of being sued.  That is correct.  See, e.g., Everson v. N.O.P.D. Officers (Names Unknown), Civ. Action No. 07-7027, 2009 WL 122759, at *2 (E.D. La. Jan. 15, 2009); Atkinson v. NOPD, Civ. Action No. 06-5820, 2007 WL 2137793, at *1 (E.D. La. July 23, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007); Manley v. State of Louisiana, Civ. Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001).  Accordingly, the "Motion to Dismiss" filed by the New Orleans Police Department - Seventh District Task Force should be granted and the claims against that defendant should be dismissed.

II.  Plaintiff's "Motion for Judgment on the Pleadings"

Plaintiff has filed a "Motion for Judgment on the Pleadings."[3]  However, it is clear that "[a] motion for judgment on the pleadings, like a motion for summary judgment, should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law." Greenberg v. General Mills Fun Group, Inc., 478 F.2d 254, 256 (5th Cir. 1973).  Here, plaintiff alleges that excessive force was used to effect his arrest, but the defendants vigorously dispute that allegation and argue that plaintiff is not entitled to relief.  Because genuine issues of material fact obviously remain in dispute, the Court simply cannot say that plaintiff is entitled to judgment in his favor based solely on the pleadings.  Accordingly, plaintiff's motion should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the "Motion to Dismiss" filed by the New Orleans Police Department - Seventh District Task Force, Rec. Doc. 18, be **GRANTED** and that the claims against that defendant be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that the "Motion for Judgment on the Pleadings" filed by plaintiff, Rec. Doc. 27, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[3]   Rec. Doc. 27.

court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twenty-third day of February, 2015.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.