## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROBERT PAUL TAYLOR**                    **CIVIL ACTION**

**VERSUS**                                            **NO. 14-1972-DEK**

**NEW ORLEANS POLICE DEPARTMENT-**
**SEVENTH DISTRICT TASK FORCE, ET AL.**

### ORDER AND REASONS

Plaintiff has filed several motions which remain pending.  The Court hereby disposes of those motions as follows:

I.  Motions for Leave to Amend the Complaint, Rec. Docs. 49 and 51

In the minute entry dated May 18, 2015, the Court ordered that all amendments to pleadings be filed on or before June 29, 2015.  Rec. Doc. 42.  In response, plaintiff has filed two motions for leave to amend the complaint.  Rec. Docs. 49 and 51.  Those motions are **GRANTED IN PART AND DENIED IN PART** as follows.

In the original complaint, plaintiff claimed that excessive force was used to effect his arrest, naming Sergeant Michael A. Stalbert, Leslie Guzman, Patrice Swan, Detective T. Perez, and other unidentified individuals as defendants.[1]  Plaintiff's motions to amend are rambling and largely indecipherable.  However, the Court has attempted, to the best of its ability, to glean the proposed

---

[1] Plaintiff also sued the "New Orleans Police Department - Seventh District Task Force." However, the claim against that defendant was dismissed because the Task Force is not a legal entity capable of being sued.  Rec. Docs. 28 and 36.

amendments from the motions, and hereby **GRANTS** leave in one respect.  Specifically, plaintiff appears to seek leave to amend his federal individual-capacity excessive force claims against Stalbert, Guzman, Swan, and Perez to provide additional factual allegations in support of those claims.  The complaint is hereby deemed to be amended to include the additional factual allegations set forth in motions.

However, in all other respects, the motions are **DENIED**.  In ruling on a motion for leave to amend, a court may consider, *inter alia*, the futility of the proposed amendments.  Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981).  To the extent that plaintiff is seeking leave for the following amendments, the amendments would be futile and therefore will not be allowed:

1.      Plaintiff seeks to add § 1983 claims against Stalbert and Thomas for "negligence" in supervising their subordinates.  He also seeks to add § 1983 claims against Guzman and Swan for "negligence" in effecting the arrest.  Those amendments will not be allowed because claims of negligence are not cognizable under § 1983.  See, e.g., Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996) ("[N]egligence is not a theory for which liability may be imposed under section 1983."); see also Baker v. McCollan, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); Nesmith v. Taylor, 715 F.2d 194, 195 (5th Cir. 1983) ("It is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.").

2.      Plaintiff appears to seek to add claims against Stalbert and a new defendant,

"Commander M. Harrison," for implementing unconstitutional policies concerning

the manner in which arrests are to be effected.  However, "[a] plaintiff may not infer

a policy merely because harm resulted from some interaction with a governmental

entity."  Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also

Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La.

Dec. 23, 2009).  Rather, he must *identify* the policy or custom which allegedly

caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of

Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x

315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.  In the instant case,

plaintiff does not adequately identify a policy or custom to state a cognizable claim;

therefore, this amendment will not be permitted.[2]

3.      Plaintiff appears to be attempting to add federal individual-capacity claims against

Guzman and Swan for deliberate indifference to plaintiff's serious medical needs.

---

[2] It is unclear whether plaintiff is additionally seeking to amend the complaint to add a claim that "Commander M. Harrison" was present on the scene and personally participated in the use of force against plaintiff.  If plaintiff is indeed seeking to assert such a claim, the Court will grant him leave to file **one, and only one**, additional motion for leave to amend the complaint to assert that claim.  **Any such motion must comply with the all of the following requirements:** (1) the motion must be filed on or before **September 1, 2015**; (2) it must not exceed **two pages**; (3) it must allege that Harrison was **present** on the scene; and (4) it must describe what actions Harrison **personally took** that harmed plaintiff.  If such a motion is filed, then, within **fourteen days** of the motion being docketed by the Clerk of Court, defense counsel must file a response stating whether the amendment is opposed.  **Plaintiff is hereby advised that if such a motion is granted and Harrison is added as a defendant, the trial in this matter may be delayed if Harrison files a motion to continue based on his late addition to this lawsuit.**

However, his factual allegation in support of those claims is as follows:  "[A]fter they assaulted me themselves and reinjured my left arm, they again used a tactic to hurt me even more by lifting both handcuffs behind my back towards my neck to lift me and place me in Unit 1784."[3]  That allegation does not involve medical care; rather, if it is relevant to any type of claim, it would be an excessive force claim. Therefore, the Court will not allow the complaint to be amended to add a medical claim based on that allegation; however, the Court will consider the allegation as an amendment to the factual allegations in support of the excessive force claims against Guzman and Swan.

4.      Plaintiff appears to seek to add various § 1983 claims based on purported violations of state statutes.  However, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must first show a violation of *the Constitution or of federal law* ...."  Atteberry v. Nocona General Hospital, 430 F.3d 245, 252 (5th Cir. 2005) (emphasis added).  "[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." Woodward v. Andrus, 419 F.3d 348, 353 (5th Cir. 2005).  Accordingly, those amendments will not be allowed.

5.      Plaintiff also appears to be seeking to add a vague, conclusory conspiracy claim against the defendants.  That amendment will not be permitted because conclusory allegations of conspiracy fail to state a § 1983 cause of action.  Small v. Dallas

---

[3] Rec. Doc. 49, p. 11.

County, Texas, 170 Fed. App'x 943, 944 (5th Cir. 2006); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992).

6.     Plaintiff apparently also seeks to assert a claim against the City of New Orleans. However, municipalities "are not vicariously liable under § 1983 for their employees' actions."   Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011).   Therefore, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury."  Id. (quoting Monell v. Department of Social Services, 436 U.S. 658, 691 (1977)). However, as noted above, a plaintiff may not infer that such a policy exists simply because he was harmed; rather, he must identify the policy.  Again, he has not done so, and his proposed amendment will not be permitted.

7.     Plaintiff also apparently seeks to add the following individuals as defendants: Jeffrey Walls; Andrew Harrelson; Jay Sanders; Christopher Jennings, III; and Nicole Kelly.   However, it is clear that "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation.  This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims."  Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).   Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Here,  plaintiff neither makes any factual allegations against the proposed defendants nor alleges that they were in any way

personally involved in the events giving rise to his claims.  Therefore, no cognizable claims have been stated against these individuals, and the proposed amendments will not be allowed.

**Accordingly, to summarize, the only claims currently pending before the Court and which will be considered at trial are the individual-capacity excessive force claims asserted against Stalbert, Guzman, Swan, and Perez pursuant to 42 U.S.C. § 1983.**

## II.  Unspecified Motion, Rec. Doc. 50

Plaintiff has also filed a document entitled "Memorandum to Support Plaintiff's Ex Parte Application for All Subpoena Duces Tecum and Subpoena Duces Tecum. And to Record Evidence Supporting My Statement of Material Facts." Rec. Doc. 50. That thirty-one page document is largely nonsensical and the Court cannot determine what request, if any, plaintiff is making. Accordingly, to the extent that the filing was intended as some type of motion, it is **DENIED WITHOUT PREJUDICE**.

## III.  Motions to Compel, Rec. Docs. 52 and 53

Plaintiff has also filed a document which he calls "objections" to answers defense counsel submitted to plaintiff's interrogatories. Rec. Doc. 52. To the extent that plaintiff intended this filing to be a motion to compel, it is **DENIED WITHOUT PREJUDICE**. Because plaintiff has not provided the Court with a copy of his interrogatories, the Court in unable to evaluate whether defense counsel's responses are insufficient.

Lastly, plaintiff has filed a similar document which he calls "objections" to answers defense counsel submitted to plaintiff's requests for production. Rec. Doc. 53. To the extent that filing is

intended as a motion to compel, it is **DENIED**.  Once again, plaintiff has not provided the Court with a copy of his underlying discovery requests.  However, in his response, defense counsel purports to set forth each request along with his response to that request.  If defense counsel has set forth the requests accurately, his responses are adequate.  On the other hand, if plaintiff is contending that defense counsel has failed to set forth the requests accurately, the Court is unable evaluate that contention without a copy of the requests.

New Orleans, Louisiana, this eighteenth day of August, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**